IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BERTHA K. COLE,                      )
                                     )
                    Plaintiff,       )
                                     )
vs.                                  )      Case No. 06-1199-MLB
                                     )
MICHAEL J. ASTRUE,[1]                )
Commissioner of                      )
Social Security,                     )
                                     )
                    Defendant.       )
_____)


RECOMMENDATION AND REPORT


     This is an action reviewing the final decision of the
Commissioner of Social Security denying the plaintiff disability
insurance benefits and supplemental security income payments.
The matter has been fully briefed by the parties and has been
referred to this court for a recommendation and report.

     The court's standard of review is set forth in 42 U.S.C.
§ 405(g), which provides that "the findings of the Commissioner
as to any fact, if supported by substantial evidence, shall be

---

     [1]On February 12, 2007, Michael J. Astrue was sworn in as the
Commissioner of Social Security.  In accordance with Rule
25(d)(1) of the Federal Rules of Civil Procedure, Michael J.
Astrue is substituted for Commissioner Jo Anne B. Barnhart as the
defendant.  In accordance with the last sentence of 42 U.S.C. §
405(g), no further action is necessary.

1

conclusive."  The court should review the Commissioner's decision to determine only whether the decision was supported by substantial evidence and whether the Commissioner applied the correct legal standards.  Glenn v. Shalala, 21 F.3d 983, 984 (10th Cir. 1994).  Substantial evidence requires more than a scintilla, but less than a preponderance, and is satisfied by such evidence that a reasonable mind might accept to support the conclusion.  The determination of whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it really constitutes mere conclusion.  Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).  Although the court is not to reweigh the evidence, the findings of the Commissioner will not be mechanically accepted.  Nor will the findings be affirmed by isolating facts and labeling them substantial evidence, as the court must scrutinize the entire record in determining whether the Commissioner's conclusions are rational. Graham v. Sullivan, 794 F. Supp. 1045, 1047 (D. Kan. 1992).  The court should examine the record as a whole, including whatever in the record fairly detracts from the weight of the Commissioner's decision and, on that basis, determine if the substantiality of the evidence test has been met.  Glenn, 21 F.3d at 984.

The Social Security Act provides that an individual shall be determined to be under a disability only if the claimant can

2

establish that they have a physical or mental impairment expected to result in death or last for a continuous period of twelve months which prevents the claimant from engaging in substantial gainful activity (SGA).  The claimant's physical or mental impairment or impairments must be of such severity that they are not only unable to perform their previous work but cannot, considering their age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy.  42 U.S.C. § 423(d).

The Commissioner has established a five-step sequential evaluation process to determine disability.  If at any step a finding of disability or non-disability can be made, the Commissioner will not review the claim further.  At step one, the agency will find non-disability unless the claimant can show that he or she is not working at a "substantial gainful activity."  At step two, the agency will find non-disability unless the claimant shows that he or she has a "severe impairment," which is defined as any "impairment or combination of impairments which significantly limits [the claimant's] physical or mental ability to do basic work activities."  At step three, the agency determines whether the impairment which enabled the claimant to survive step two is on the list of impairments presumed severe enough to render one disabled.  If the claimant's impairment does not meet or equal a listed impairment, the inquiry proceeds to

step four, at which the agency assesses whether the claimant can do his or her previous work; unless the claimant shows that he or she cannot perform their previous work, they are determined not to be disabled.  If the claimant survives step four, the fifth and final step requires the agency to consider vocational factors (the claimant's age, education, and past work experience) and to determine whether the claimant is capable of performing other jobs existing in significant numbers in the national economy. Barnhart v. Thomas, 124 S. Ct. 376, 379-380 (2003).

The claimant bears the burden of proof through step four of the analysis.  Nielson v. Sullivan, 992 F.2d 1118, 1120 (1993). At step five, the burden shifts to the Commissioner to show that the claimant can perform other work that exists in the national economy.  Nielson, 992 F.2d at 1120; Thompson v. Sullivan, 987 F.2d 1482, 1487 (10th Cir. 1993).  The Commissioner meets this burden if the decision is supported by substantial evidence. Thompson, 987 F.2d at 1487.

Before going from step three to step four, the agency will assess the claimant's residual functional capacity (RFC).  This RFC assessment is used to evaluate the claim at both step four and step five.  20 C.F.R. § 404.1520(a)(4); 404.1520(f,g).

Administrative law judge (ALJ) Michael R. Dayton issued his decision on January 28, 2005 (R. at 16-27).  At step one, the ALJ found that plaintiff had not performed substantial gainful

activity since her alleged onset date of July 10, 2002 (R. at 16, 26).  At step two, the ALJ found that plaintiff had the following severe impairments: chronic heart failure, sleep apnea, obesity, asthma, atrial fibrillation, and lower extremity edema (R. at 19).  At step three, the ALJ determined that plaintiff's impairments do not meet or equal a listed impairment (R. at 19-22).  After establishing plaintiff's RFC, the ALJ found at step four that plaintiff cannot perform past relevant work (R. at 24).  At step five, the ALJ found that plaintiff is capable of performing work that exists in significant numbers in the national economy and is therefore not disabled (R. at 25, 26).

**I.  Did the ALJ err by failing to address whether plaintiff suffered from a severe mental impairment?**

Plaintiff's medical records specifically state that plaintiff is depressed on at least eight occasions between August 13, 2002 and March 22, 2004 (R. at 145, 148, 152, 154, 156, 225, 247, 255).  Two physicians actually diagnosed depression (R. at 152-153, 255-256).  Plaintiff testified before the ALJ that she gets depressed, which causes her to smoke more cigarettes (R. at 547).  However, the ALJ never mentioned the evidence that plaintiff was depressed in his decision.  The ALJ did acknowledge that plaintiff testified that she attended special education classes and has difficulty with reading and comprehension (R. at 19), but found her not credible insofar as her ability to read

and comprehend because she stated that she read books, magazines, newspapers, and the Bible (R. at 23).  The ALJ made no mention of whether plaintiff's depression or learning difficulties constituted a severe impairment.

In the case of <u>Lamb v. Barnhart</u>, 85 Fed. Appx. 52, 57-58 (10th Cir. Dec. 11, 2003) the court held as follows:

> We conclude that the ALJ erred by failing to address whether Mrs. Lamb suffers from a severe mental impairment. As noted above, Dr. Nael diagnosed Mrs. Lamb as suffering from depression, and there are also references to the fact that she suffers from depression, and was prescribed Zoloft to treat her depression, in the records of Dr. Pelofsky and Dr. Hancock. Thus, there is sufficient evidence in the record to establish that Mrs. Lamb suffers from a mental impairment, and the ALJ therefore erred by failing to evaluate the severity of her mental impairment in accordance with the procedures set forth in 20 C.F.R. § 404.1520a (2001). <u>See Cruse v. United States Dep't of Health & Human Servs.</u>, 49 F.3d 614, 617 (10th Cir.1995) ("When there is evidence of a mental impairment that allegedly prevents a claimant from working, the [ALJ] must follow the procedure for evaluating mental impairments set forth in 20 C.F.R. § 404.1520a and the Listing of Impairments and document the procedure accordingly.").

Because two physicians diagnosed plaintiff as suffering from depression in the case before the court (Cole), the ALJ erred by failing to evaluate the severity of plaintiff's mental impairment in accordance with the procedures set forth in 20 C.F.R. §§ 404.1520a, 416.920a.  <u>Lamb v. Barnhart</u>, 85 Fed. Appx. 52, 57-58 (10th Cir. Dec. 11, 2003); <u>Cox v. Apfel</u>, 198 F.3d 257 (table),

1999 WL 820215 at *2-3 (10th Cir. Oct. 14, 1999); <u>Winfrey v.</u>
<u>Chater</u>, 92 F.3d 1017, 1024 (10th Cir. 1996); <u>Cruse v. U.S. Dept.</u>
<u>of Health & Human Services</u>, 49 F.3d 614, 617 (10th Cir. 1995);
<u>Hill v. Sullivan</u>, 924 F.2d 972, 974-975 (10th Cir. 1991).

 In <u>Cox</u>, the court held:

> In light of the evidence in the record
> indicating that a mental impairment exists [a
> physician and a psychologist diagnosed
> depression], the ALJ's failure to develop the
> record and to follow the special procedures
> for mental impairments required by the
> regulations constitute errors warranting
> reversal. As a reviewing court, we cannot
> make factual determinations on the ALJ's
> behalf. <u>See</u> <u>Rapp v. United States Dep't of</u>
> <u>Treasury</u>, 52 F.3d 1510, 1515 (10th Cir.1995)
> (reviewing court may not compensate for
> deficiencies in an agency's decision "by
> supplying a reasoned basis for the agency's
> action that the agency itself has not
> given."); <u>see</u> <u>also</u> <u>Casias v. Secretary of</u>
> <u>Health & Human Servs.</u>, 933 F.2d 799, 800
> (10th Cir.1991) (appellate court may "neither
> reweigh the evidence nor substitute our
> judgment for that of the agency").

<u>Cox</u>, 1999 WL 820215 at *3.  The court will not weigh the evidence
of whether plaintiff's depression is a severe impairment in the
first instance.  <u>See</u> <u>Neil v. Apfel</u>, 156 F.3d 1244 (table), 1998
WL 568300 at *3 (10th Cir. Sept. 1, 1998).  Therefore, this case
shall be remanded in order for the ALJ to evaluate plaintiff's
depression in accordance with 20 C.F.R. § 1520a.

 On the other hand, plaintiff presented no medical evidence
of a learning impairment or disability.  Plaintiff must provide
medical evidence of the existence of an impairment.  20 C.F.R.

7

§ 1512©.   Further investigation is not required absent the presence of some objective evidence in the record suggesting the existence of a condition which could have a material impact on the disability decision requiring further investigation.   <u>Hawkins v. Chater</u>, 113 F.3d 1162, 1167 (10th Cir. 1997).   In the absence of any medical evidence, the court does not find any error by the ALJ for not further developing the record on this issue.

**II.   Is the ALJ's finding that plaintiff can perform sedentary work over an 8 hour day supported by substantial evidence?**

The court will not address this issue in depth because a determination of whether plaintiff has a severe mental impairment, and the limitations, if any, stemming from a mental impairment could impact the analysis of this issue.   See <u>Robinson v. Barnhart</u>, 366 F.3d 1078, 1085 (10th Cir. 2004).   However, one particular matter raised by plaintiff needs to be addressed when the case is remanded.   Dr. Jones, a consultative medical examiner, found that plaintiff had moderate or severe difficulty in performing certain physical activities, including a finding that plaintiff has "severe difficulty...arising from a sitting position" (R. at 233).   None of these difficulties or limitations were mentioned by the ALJ in his decision.   An ALJ must evaluate every medical opinion in the record.   <u>Hamlin v. Barnhart</u>, 365 F.3d 1208, 1215 (10th Cir. 2004).   Even opinions from a medical source on issues reserved to the Commissioner must never be

8

ignored.  Social Security Ruling (SSR) 96-5p, 1996 WL 374183 at *3.  Therefore, on remand, the ALJ should consider these opinions by Dr. Jones, determine what weight they should be accorded, and their impact, if any, on plaintiff's ability to work.

IT IS THEREFORE RECOMMENDED that the decision of the Commissioner be reversed, and that the case be remanded for further proceedings (sentence four remand) for the reasons set forth above.

Copies of this recommendation and report shall be provided to counsel of record for the parties.  Pursuant to 28 U.S.C. § 636(b)(1), as set forth in Fed.R.Civ.P. 72(b) and D. Kan. Rule 72.1.4, the parties may serve and file written objections to the recommendation within 10 days after being served with a copy.

Dated at Wichita, Kansas, on March 29, 2007.

s/John Thomas Reid
JOHN THOMAS REID
United States Magistrate Judge